ORPHA W. DEAN *v.* E. R. GIVEN

(No. 7066)

Submitted January 19, 1932.    Decided January 26, 1932.

*John B. Morrison,* and *Belknapp & Fisher,* for plaintiff in error.

*Haymon & Fox,* for defendant in error.

HATCHER, PRESIDENT:

This is an action of unlawful entry and detainer. About the year 1900, Thomas Coger entered into a verbal contract with his daughter, Martha, who had married Fred Sawyers, to convey to her a certain part of his farm. Some difference of opinion arising between Coger and Sawyers as to where one of the lines should run, Coger fixed one corner of the line at

a white oak stump on a ridge, the other corner on a hickory at the lower side of the county road, and required Sawyers to set out a row of locust sprouts and to build a fence on a practically straight line between these trees. Coger executed a deed to his daughter for the tract in 1903. In the meantime, the corner hickory tree had burned down, and the call in the deed from the white oak stump is "N. 18 W. 26 poles to a large hickory stump at lower side of the county road." The plaintiff holds by *mesne* conveyance under Coger and the defendant by *mesne* conveyance under Martha Sawyers. All vestiges of the hickory are now gone. A line run from the white oak stump (undisputed) on the course and distance stated in the deed, N. 18 W. 26 poles, would give to defendant a strip of about four rods beyond the old fence. He recently took possession of the four-rod strip, and this action was brought to dispossess him. The circuit court directed a verdict for the plaintiff, and defendant secured a writ of error here.

There is no conflict in the evidence. A number of witnesses who saw the corner hickory tree when standing, definitely fix its location as at the end of the fence built by Fred Sawyers. That fence has been maintained approximately on the same location as originally constructed. Sawyers, testifying for defendant, says that the surveyor who surveyed the tract and furnished the description for the Martha Sawyers deed, ran a line from the white oak stump to within two or three feet of this hickory, and that the line was within a few feet of the fence built by the witness and within one foot of the locust trees set out by the witness along the fence (three of which trees are yet standing). There is no evidence whatsoever that a hickory stump ever stood at or near the terminus of the course and distance called for.

Appellant's petition and brief imply that the circuit court directed the verdict on the theory that the plaintiff and his predecessors in title had acquired the land in controversy by adverse possession. There is nothing in the record to sustain this implication. The case primarily involves simply the location of the line from the white oak corner to the hickory corner. The hickory having disappeared, parol evi-

432

dence was proper to show its situs. "Parol evidence * * * is also adminsible to show where monuments originally stood when they are lost." 4 Am. & Eng. Ency. Law, subject Boundaries, 849, 850. On the same subject, accord: 4 R. C. L., p. 102, sec. 36; 9 C. J., p. 279, sec. 326; Skelton, sec. 132. Under the evidence, the Sawyers fence points conclusively to where the hickory stood. Over a century ago the supreme court of Ohio held: "When a natural object is distinctly called for and satisfactorily proved, it becomes a landmark not to be rejected, because the certainty which it affords excludes the probability of mistake, while course and distance, depending for their correctness on a great variety of circumstances are constantly liable to be incorrect." *McCoy* v. *Galloway*, 3 Ohio (Hammond) 282, 284. Other early leading cases holding the same are *Cherry* v. *Slade's Adm'r.*, 3 Murphy (N. C.) 82, and *Dogan* v. *Seekright*, 4 Hen. & M. (Va.) 125. The rule has been followed throughout the states almost without exception, and is settled in the Virginias. See *Gwynn* v. *Schwartz*, 32 W. Va. 487, 496, 9 S. E. 880, and *Lyons* v. *Fairmont Co.*, 71 W. Va. 754, 77 S. E. 525. The course in the deed of N. 18 W., not being the correct course between the white oak and hickory corners, must be discarded; and the defendant's boundary restricted to the true line between the white oak and the hickory corners, delineated approximately by the Sawyers fence.

The judgment of the circuit court is accordingly affirmed.

*Affirmed.*